13-1398-cv
*Pierre v. Chase Investment Services Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                              *Circuit Judges*,
          RICHARD K. EATON,
                              *Judge.**

GERTRUDE JEAN PIERRE,

            *Plaintiff-Appellant*,

      -v.-                          No. 13-1398-cv

CHASE INVESTMENT SERVICES
CORPORATION,

            *Defendant-Appellee*,

---

* The Honorable Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

FOR APPELLANT:        Stewart Lee Karlin, Law Offices of Stewart Lee Karlin, P.C., New York, NY.

FOR APPELLEE:        Frederic L. Lieberman, JPMorgan Chase Legal Department, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Gertrude Jean Pierre appeals from a February 25, 2013 Opinion and Order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*) granting Defendant Chase Investment Services Corporation's motion to enforce the parties' settlement agreement. The settlement agreement dismissed Plaintiff's employment discrimination action against Defendant, brought pursuant to Title VII, 42 U.S.C. § 2000e *et seq*. Plaintiff seeks reversal of the district court's order, and argues that the district court erred in granting Defendant's motion to enforce the settlement agreed upon by both parties in open court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.[1]

---

[1] The district court's approval of the settlement agreement is reviewed for abuse of discretion. *In re September 11 Property Damage Litig.*, 650 F.3d 145, 151 (2d Cir. 2011).

2

It is well established that oral settlement agreements entered into by parties on the record in open court are valid and enforceable. *See Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007); *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 326 (2d Cir. 1997). Announcing the terms of a settlement agreement on the record in open court memorializes critical litigation events, and serves a "cautionary function" ensuring the parties' acceptance is deliberate. *Powell*, 497 F.3d at 131. A mere intention to later commit an oral agreement to writing has no effect on the validity of the contract, even when the agreement is never reduced to writing. *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985).

Everything in the record below and briefs before us indicates that the settlement was agreed to in open court on July 16, 2012 before Magistrate Judge James L. Cott in the United States District Court for the Southern District of New York, and is therefore valid and enforceable. The fact that Plaintiff had a change of heart between the time the oral agreement was made and when it was reduced to writing has no effect on the validity of the oral settlement. *See Powell*, 497 F.3d at 129. We need not reconsider the remaining *Winston* factors addressed by the

3

district court, as there was no abuse of discretion.  Similarly, Plaintiff's argument that she was fraudulently induced into entering the oral settlement is unavailing.

We have considered all of Plaintiff's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk